People v Cole (2020 NY Slip Op 05054)





People v Cole


2020 NY Slip Op 05054


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2015-00257 
2015-01344

[*1]The People of the State of New York, respondent,
v
Compton Cole, appellant. (Ind. Nos. 9180/13, 9631/13)


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Matthew J. D'Emic, J.), both rendered April 28, 2014, convicting him of criminal contempt in the first degree under Indictment No. 9180/13 and criminal contempt in the first degree under Indictment No. 9631/13, upon his pleas of guilty, and imposing sentences. By decision and order of this Court dated March 14, 2018, the matter was remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas of guilty in accordance therewith, and for a report on any such motion. The appeals were held in abeyance in the interim (see People v Cole, 159 AD3d 829). The Supreme Court, Kings County, has now filed its report.
ORDERED that the judgments are affirmed.
The record of the plea proceeding demonstrated that the Supreme Court never advised the defendant of the possibility that he would be deported as a consequence of the pleas of guilty. In a prior decision and order, this Court remitted the matter to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas, and for a report by the Supreme Court thereafter (see People v Cole, 159 AD3d 829). We stated that "[a] defendant seeking to vacate a plea based on this defect must demonstrate that there is a 'reasonable probability' that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation" (id. at 830, quoting People v Peque, 22 NY3d 168, 176). After a hearing, the Supreme Court issued its report and found that the defendant failed to meet this burden. The court's finding was supported by the record and will not be disturbed (see People v Agramonte, 161 AD3d 761, 762).
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court